# In the United States Court of Federal Claims

No. 21-1548

Filed: July 30, 2021

|  |  |
|---|---|
| DANA WILLIAM WILEY, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

### ORDER

On July 2, 2021, Dana William Wiley ("Plaintiff"), proceeding *pro se*, filed the pending Complaint, ECF No. 1, and Motion for Leave to Proceed *in forma pauperis*, ECF No. 2. Partly unintelligible, the Complaint seems to assert that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 5 U.S.C. § 552(a)(6)(C)(i), 18 U.S.C. § 3500, and Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure, ECF No. 1 at 1-2, 8, and that venue is proper under 28 U.S.C. § 1391, *id.* at 1.[1] Further, the Complaint appears to allege various wrongs committed against Plaintiff, primarily that the United States failed to produce information in response to Plaintiff's prior Freedom of Information Act ("FOIA") request or requests. *See generally id*. The Complaint also seems to make allegations against the Government, although several of these claims appear to be directed at the Commonwealth of Pennsylvania rather than the United States, of harassment, *id.* ¶ 4, wrongful issuance of a warrant, *id.* ¶ 5, denial of Plaintiff's rights to a habeas hearing, *id.* ¶¶ 6-7, and a conspiracy between certain Government agents and the Pennsylvania Department of Corrections to destroy a video interview of Plaintiff, *id.* at ¶ 8. The Complaint further appears to allege that state law enforcement authorities wrongly held Plaintiff in custody and assaulted him. *Id.* ¶¶ 6-8. Lastly, the Complaint seems to allege that the "Western District Federal Court" mistakenly dismissed with prejudice Plaintiff's two "Brand Trademark Copyright Infragment" [sic] lawsuits, one for $75 million against the World Wrestling Entertainment company and another for $37 billion against the Sony Music Entertainment company and other unnamed music companies. *Id.* at ¶ 9. In sum, Plaintiff asserts that the Government violated his Fourth, Fifth, Sixth, Seventh, Eight, Fourteenth, Fifteenth, and Sixteenth Amendment rights under the United States Constitution and his rights under 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 16(a)(1)(A). *Id.* at 6.

---

[1] Some of the Complaint's assertions appear in numbered paragraphs and others do not. Where an assertion does not appear in a numbered paragraph, the Court cites the page numbering from the Court's ECF Header.

For relief, the Complaint appears to request a "Criminal / Civil Rights 2254 / 2555 Hearing," judgment in Plaintiff's favor for $37 billion and $75 million in punitive damages, and that the Court: order the Government to "pardon disqualify and vacate" Plaintiff's criminal convictions; order the dismissal of Plaintiff's state criminal charges; order the Government to hold a hearing concerning Plaintiff's rights under a "Stand Your Ground" law and firearm-related rights; grant punitive damages for denial of "unfair process," failure to conduct a "proper criminal / civil rights violation," and for harassment, sexual harassment, and sexual discrimination; and order the Government to take some unintelligible action related to information requested in a FOIA request concerning several foreign countries. *Id.* at 6-7.

## I.     Standard of Review for Subject Matter Jurisdiction.

"Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case[.]" *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010). Under the Tucker Act, this Court has subject matter jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, the Tucker Act requires: (1) a separate money-mandating statute that supports any claims of monetary damages against the United States and (2) a plaintiff that alleges it falls "within the class of plaintiffs entitled to relief." *Antonellis v. United States*, 106 Fed. Cl. 112, 114-15 (2012), *aff'd*, 723 F.3d 1328, 1331 (Fed. Cir. 2013) (noting that Tucker Act jurisdiction is a waiver of sovereign immunity). To establish Tucker Act jurisdiction in this Court, in other words, a plaintiff "must demonstrate that the source of substantive law he [or she] relies upon 'can fairly be interpreted as mandating compensation by the Federal Government'" for any sustained damage. *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). Such "money-mandating provisions are uncommon . . . ." *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1329 (2019) (citing M. Solomson, COURT OF FEDERAL CLAIMS: JURISDICTION, PRACTICE, AND PROCEDURE 4-18 (2016)). "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir.1998)). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

Generally, a *pro se* plaintiff's complaint is held to "less stringent standards . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But even a *pro se* plaintiff must strictly meet its jurisdictional burden. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, . . . [h]owever, . . . a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only."). "*Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims." *Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Although a litigant has the right to act as his or her own attorney, it is well

2

established that the right of self representation is not a license to fail to comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## II.     Discussion

Even considering the lenient standards applied to *pro se* litigants, the Court finds that Plaintiff has failed to satisfy his burden of establishing this Court's subject matter jurisdiction over his Complaint for the following reasons. While the Complaint is not entirely clear, the claimed bases for jurisdiction and the relief sought are unquestionably outside this Court's jurisdiction. Therefore, under Rule 12(h)(3), the Court must dismiss this action.

### A.     The statutes Plaintiff relies upon for jurisdiction or relief fail to provide this Court with jurisdiction to hear Plaintiff's claims.

Because this Court is not a district court of the United States, the authorities Plaintiff relies upon to establish jurisdiction all fail.[2] *See* ECF No. 1 at 1-2, 8. *First*, Plaintiff asserts that the Court has jurisdiction under 28 U.S.C. § 1331, which states that "[t]he *district courts* shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (emphasis added). Similarly, Plaintiff relies upon 28 U.S.C. § 1343 to establish our jurisdiction, which also states that "[t]he *district courts* shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . ." (emphasis added). But when Congress vests jurisdiction in the district courts, this Court "lacks subject matter jurisdiction over" such claims because "[t]he Court of Federal Claims is not a district court of the United States . . . ." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *see also Embrey v. United States*, No. 19-740C, 2020 WL 7312184, at *5 (Fed. Cl. Dec. 11, 2020) (holding Section 1331 "does not apply to our court, however, and so does not provide the necessary jurisdiction to proceed.") (citations omitted).

*Second*, the same is true with Plaintiff's assertion of jurisdiction under FOIA, which provides that "the *district court* of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) (emphasis added). Indeed, "Congress has conferred on the district courts, and not this court, the responsibility for enforcing the FOIA statute." *Frazier v. United States*, No. 16-1287C, 2016 WL 6583715, at *2 (Fed. Cl. Nov. 1, 2016), *aff'd*, 683 F. App'x 938 (Fed. Cir. 2017) (quoting *Dobyns v. United States*, 91 Fed. Cl. 412, 430 (2010)). This Court also "does not have jurisdiction over claimed violations of the Privacy Act or FOIA because those statutes

---

[2] Because this is a Court of national jurisdiction, venue is not at issue. If it were, however, the Plaintiff's assertion that venue is proper under 28 U.S.C. § 1391 similarly misconstrues what this Court is. Section 1391 applies to "the venue of all civil actions brought in *district courts of the United States*." (emphasis added).

do not contain money-mandating provisions." *Frazier*, 683 F. App'x at 940 (citing *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007)).

*Third*, neither of the criminal provisions Plaintiff asserts for jurisdiction provide this Court with jurisdiction because "the jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action." *Harvey v. United States*, 149 Fed. Cl. 751, 766-67 (2020) (collecting cases). Therefore, the Court lacks jurisdiction under 18 U.S.C. § 3500, which addresses the production of information in criminal proceedings. Similarly, the Federal Rules of Criminal Procedure have no application in this Court because they apply to "all criminal proceedings in the United States *district courts*, the United States courts of appeals, and the Supreme Court of the United States." Fed. R. Crim. P. 1(a)(1) (emphasis added).

*Fourth*, Plaintiff appears to demand a habeas corpus hearing in this Court under 28 U.S.C. §§ 2254-55. *See* ECF No. 1 ¶¶ 6-7 (appearing to assert a right to a "2254 ' 2255 hearing"). Plaintiff also seeks an order to "require the U.S. Federal Claims Court to schedule a criminal / civil rights 2254 / 2255 hearing to determine if Plaintiff is entitled to the following relief damages." *Id*. at 6.[3] But this Court "does not have the power to entertain a petition for a writ of habeas corpus." *Ledford*, 297 F.3d at 1381 ("[T]he habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus, and the [Court] therefore is without power to entertain [plaintiff's] petition.").

*Fifth*, to the extent Plaintiff alleges any violations of his civil rights, this Court lacks jurisdiction to hear such claims. *E.g.*, *Kelly-Leppert v. United States*, No. 21-955C, 2021 WL 2853171, at *4 (Fed. Cl. July 8, 2021) ("In addition, the Court may not consider civil rights claims, because Congress has committed jurisdiction over claims brought pursuant to the Civil Rights Act to the United States district courts.") (citing 28 U.S.C. § 1343(a)(4)).

**B.      This Court lacks jurisdiction over claims against any defendant other than the United States.**

While it appears that the gravamen of the Complaint is that the Federal Government has not provided information Plaintiff sought through FOIA, there are what might be allegations that state actors wronged Plaintiff. ECF No. 1 ¶¶ 6-9. To the extent Plaintiff seeks to bring a cause of action against the Commonwealth of Pennsylvania or any of its employees, this Court has no jurisdiction over such claims. It is well-settled that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588, (1941) (citations omitted).

**C.      This Court lacks jurisdiction to review the decisions of other courts.**

Several of Plaintiff's claims would require this Court to review the decisions of other courts, which we cannot do. For example, the Plaintiff seeks to have the Court: "Require the

---

[3] Much of the Complaint is typed in all capital letters. The Court's quotations of the Complaint remove the extraneous capitalization of text.

Defendants to pardon[4] disqualify and vacate Plaintiff, [sic] Dana Wiley felony convictions / illegal 8 to 26 year sentence for aggravated assault / robbery criminal case # 1144 and 1139 / 1994," ECF No. 1 at Prayer ¶ 1(A); and "Require the Defendants to amend pardon court order to the Commonwealth of Pennsylvania to drop and dismissed [sic] criminal charge # 827 / 2020," *id.* at Prayer ¶ 1(B). But this Court has no authority to review Federal district courts' decisions or judgments. *E.g., Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."). The same is true concerning state court rulings. *E.g., Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017) ("[T]o the extent that the complaint . . . could be read to include a request that this court invalidate or otherwise reverse [a] state court decision . . . the court is powerless to review the decisions of state courts.") (citation omitted).

While not as explicit, it also appears that Plaintiff's claim for $37,075,000,000 is based on the United States District Court for the Western District of Pennsylvania's dismissal of Plaintiff's copyright infringement claims against World Wrestling Entertainment and Sony Music Entertainment. *See* ECF No. 1 ¶ 9 (alleging that "the Western District Federal Court prejudice dismissed the brand trade mark copyright infringement lawsuit against World Wrestling Entertainment for the sum[] $75 million[,] followby [sic] one against Sony Music[] Entertainment et al independent record labels for $37 billion dollars."). This allegation appears to be attacking the Western District of Pennsylvania's opinion in *Wiley v. McMahon*, No. 2:18-cv-1207, 2019 WL 5395172 (W.D. Pa. Oct. 22, 2019) (adopting magistrate judge's report and recommendation and dismissing the complaint with prejudice). Therefore, this Court may not disturb the district court's decision.

And to the extent Plaintiff wants this Court to hold a hearing to determine whether he should have his "right to possess, control, manufacture[,] and purchase firearm[s]" reinstated, this Court lacks jurisdiction over such a claim. ECF No. 1 Prayer ¶ 1(C). While the Complaint does not explain why these rights were lost, it appears clear from the record that Plaintiff lost these rights due to his felony conviction(s). But this Court cannot undo the conviction(s) that appear to have cost Plaintiff his rights. And because such relief is clearly not monetary damages against the United States, this Court lacks jurisdiction in any event. *See* 28 U.S.C. § 1491(a)(1) (granting this Court jurisdiction over cases against the United States "for liquidated or unliquidated damages in cases not sounding in tort.").

### D.       None of the cited Constitutional provisions provides this Court with jurisdiction to hear Plaintiff's claims.

To the extent Plaintiff bases his allegations and requested relief on violations of his Fourth, Fifth, Sixth, Seventh, Eighth, Fourteenth, Fifteenth, and Sixteenth Amendment rights, ECF No. 1 at 6, it is well established that the Court lacks jurisdiction over such causes of action

---

[4] In addition to this Court's inability to review the Plaintiff's criminal convictions, the Court notes that the pardon power is vested exclusively in the Executive branch, not the Judiciary. U.S. Const. Art II, sec. 2 cl. 1 (providing that the President "shall have Power to grant Reprieves and Pardons for Offences against the United States."). And that federal power does not extend to state convictions. *Id*.

because, "except for the taking clause of the [F]ifth [A]mendment, the other [A]mendments do not require the United States to pay money for their alleged violation" and thus are not money-mandating sources of law. *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (*per curiam*); *see also, e.g., Taylor v. United States*, 844 F. App'x 369, 371 (Fed. Cir. 2021) ("Because 'the Fourth Amendment does not mandate the payment of money for its violation,' the [Court of Federal Claims] does not have jurisdiction over Fourth Amendment claims.") (quoting *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997)); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.") (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against the United States based on the Sixth Amendment because it is not money mandating.") (citing *Maxberry v. United States*, 722 F. App'x 997, 1001 (Fed. Cir. 2018)); *Drake*, 792 F. App'x at 920 n. 6 ("[T]he Seventh Amendment is not money-mandating and[] . . . does not confer jurisdiction on the Court of Federal Claims.") (citing *Sherwood*, 312 U.S. at 587); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (*per curiam*) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'") (quoting *Edelmann v. United States*, 76 Fed. Cl. 376, 383 (2007)); *LeBlanc*, 50 F.3d at 1028 (holding that the Fourteenth Amendment's Due Process and Equal Protection clauses do not confer jurisdiction to this Court "because they do not mandate payment of money by the government.") (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (1980)); *Maxberry v. United States*, 722 F. App'x 997, 1000 (Fed. Cir. 2018) ("The [Court of Federal Claims] lacks jurisdiction over claims based on the Fourth, Sixth, Eighth, . . . and Fifteenth Amendments, . . . because they are not money-mandating.") (citing *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010)); *Russell v. United States*, 78 Fed. Cl. 281, 288 (2007) ("Plaintiff's invocation of the Sixteenth Amendment is similarly unavailing. The court does not perceive how the amendment authorizing the government to collect taxes could possibly constitute a source mandating the payment of money to plaintiff."). Thus, these Constitutional Amendments do not provide the Court with jurisdiction over Plaintiff's Complaint.

### E.     This Court lacks jurisdiction to hear Plaintiff's tort claims.

The Complaint also appears to demand damages for "harassment," "sexual harassment," and "sexual discrimination." *See* ECF No. 1 Prayer ¶ 1(F). But this Court lacks jurisdiction over such claims. Whatever evidence of harassment Plaintiff may have (none of which appears in the Complaint), these claims sound in tort and must be dismissed for lack of jurisdiction. 28 U.S.C. §1491(a)(1); *Harvey v. United States*, 845 F. App'x 923, 926 (Fed. Cir. 2021) ("The Tucker Act specifically excludes claims "sounding in tort" from the jurisdiction of the [Court of Federal Claims].").

Finally, much of Plaintiff's Complaint seeks punitive damages. But it is well-settled that this Court "has no jurisdiction to award punitive damages." *Hawkins v. United States*, No. 15-360C, 2015 WL 6689860, at *1 (Fed. Cl. Oct. 30, 2015) (citing *Environmental Safety Consultants, Inc. v. United States*, 95 Fed. Cl. 77, 98 (2010)); *see also Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (holding that this Court "does not have jurisdiction over .

. . . claims for . . . punitive damages."); *Francis v. United States*, No. 19-770, 2019 WL 4784824, at *3 (Fed. Cl. Oct. 1, 2019) ("It is well established that punitive damages are not recoverable under the Tucker Act . . . . As a result, plaintiffs' claim for punitive damages must be dismissed.") (internal citations omitted).

### III.  Conclusion

For these reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, is **GRANTED**.  Because this Court unequivocally lacks subject matter jurisdiction over any of Plaintiff's claims, the Complaint, ECF No. 1, is hereby **DISMISSED**.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
Judge